NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1739, 21-1787 and 21-1854
_____

DARRYL NEWKIRK,
                    Appellant in No. 21-1739
                TUCKER GINN,
                    Appellant in No. 21-1787
            BENNIE ANDERSON,
                    Appellant in No. 21-1854

v.

SUPERINTENDENT HUNTINGDON SCI;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Nos. 4-21-cv-00088, 1-21-cv-00508 and 3-21-cv-00136)
District Judges:  Honorable Matthew W. Brann,
Honorable Jennifer P. Wilson
and Honorable Malachy E. Mannion
_____

Argued
June 29, 2023

Before:  JORDAN, KRAUSE and SMITH, *Circuit Judges*

(Filed: July 31, 2023)
_____

Samuel G. Saylor [ARGUED]
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
    *Counsel for Appellants*

Jeffrey Paladina
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
    *Counsel for Appellees Superintendent Huntingdon SCI*
    *And Secretary Pennsylvania Department of Corrections*

Ronald Eisenberg [ARGUED]
Office of Attorney General of Pennsylvania
1600 Arch Street – Suite 300
Philadelphia, PA 19103
    *Counsel for Appellee Attorney General Pennsylvania*

_____

OPINION*

_____

JORDAN, *Circuit Judge*.


  Darryl Newkirk, Tucker Ginn, and Bennie Anderson (collectively, the "Appellants") are three inmates serving life sentences at SCI Huntingdon for murder convictions. In early 2021, approximately one year after the onset of the global COVID-19 pandemic, the Appellants each filed separate pro se habeas corpus petitions pursuant to 28 U.S.C. § 2254, arguing that, given the pandemic, their serious medical conditions

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

combined with inadequate public health measures at SCI Huntingdon warranted their release from custody.[1]  The relief they sought was home confinement until the pandemic subsided.  (*See* App. at 34 (Anderson "seeking to be home confined until the risk of the COVID 19 virus [h]as been eradicated"); App. at 40 (Ginn requesting "to be home confined during the COVID 19 pandemic"); App. at 48-49 ("The only relief sought by [Newkirk] is to be released from prison to home confinement until the COVID 19 virus and the new strain is eradicated.").)

None of the Appellants pursued their claims in state court proceedings, and the District Court dismissed their petitions without prejudice for failure to exhaust state remedies.  (*See* App. at 7 ("For the foregoing reasons, Anderson's petition for writ of habeas corpus proceeding under 28 U.S.C. § 2254 is denied without prejudice due to his failure to exhaust his available state court remedies."); App. at 20 ("For the foregoing reasons, Ginn's petition for writ of habeas corpus proceeding under 28 U.S.C. § 2254 is denied without prejudice due to his failure to exhaust his available state court remedies."); App. at 27-28 (denying Newkirk's petition as "it [was] clear from the record

---

[1] Newkirk filed his petition on January 11, 2021.  He has been incarcerated for over twenty years and contends that his unspecified "underlying health conditions" make remaining in prison a "possible death sentence" if he were to contract COVID-19.  (App. at 47-48.)

Ginn filed his petition on March 22, 2021.  He has been incarcerated for almost three decades, and he suffers from several health problems.  He contends that "[c]ontracting COVID 19 in prison would be a [d]eath [p]enalty."  (App. at 40 (emphasis removed).)

Anderson filed his petition on January 25, 2021.  He too suffers from "numerous health impairments[.]"  (App. at 33.)  He contends that he "is of the group most likely to perish should [he] be infected with the COVID 19 virus."  (App. at 33.)

and the state court electronic docket that [Newkirk] ha[d] not pursued any relief in the state court").)  We granted a certificate of appealability limited to whether the District Court should have stayed the Appellants' habeas petitions rather than dismissing them.[2] We also consolidated the three appeals and appointed counsel.[3]

Having considered the matter at length, we conclude that these appeals are moot because the pandemic has subsided, and "changes in circumstances that prevailed at the beginning of the litigation have forestalled any [occasion] for meaningful relief." *Jersey Cent. Power & Light Co. v. New Jersey*, 772 F.2d 35, 39 (3d Cir. 1985).  Although exceptions to mootness exist, none apply here.  *See In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003) (noting that one exception to mootness is "whether the dispute is of such a nature that it is capable of repetition yet evading review").  In the present context, "mootness concerns itself with … whether the same precise situation – the pandemic such as it presented itself in 2020 and 2021 – will occur again[.]"  *Clark v. Governor of N.J.*, 53 F.4th 769, 778-79 (3d Cir. 2022).  When the Appellants filed their habeas petitions in early 2021, COVID-19 presented a serious risk to people with significant underlying health problems.  Since then, "[i]t is absolutely clear that" "the same pandemic conditions we faced in 2020-21" are no longer extant.  *See id.* ("Our knowledge of the virus and its vectors of transmission, the rollout of vaccines, and the

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254.  We exercise appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

[3] Federal Public Defender Samuel G. Saylor, Esq. has our thanks for his excellent advocacy in this matter.

4

availability of therapeutic responses to infection have totally changed the nature of the disease itself, our understanding of it, and our response to it.").

Given that change in circumstances, the foundation for the Appellants' habeas petitions – that COVID-19 poses a mortal health threat – is gone. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks and citation omitted). As such, it is "impossible for the court to grant 'any effectual relief whatever' to [the Appellants.]" *Id.* Although the immediate relief the Appellants seek is a determination of whether the District Court should have stayed their habeas petitions rather than dismissing them, the overall relief sought is home confinement until the pandemic subsides, which it has. Any opinion by this Court as to whether the District Court should have stayed the petitions rather than dismissing them would be purely advisory. *See id.* (noting that a court opinion is advisory when it cannot grant effectual relief to the prevailing party). Thus, we will dismiss the appeals as moot.

I.   CONCLUSION

For the foregoing reasons, the appeals shall be dismissed.

5